
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

BRYAN GEMMA,

Plaintiff(s),

-against-

THE CITY OF NEW YORK, DISTRICT ATTORNEY
OF NEWYORK COUNTY and DETECTIVE
ANGEL NARVAEZ,

Defendant(s).
----------------------------------------------------------------x

12 CV 2061

Civil Action No.

COMPLAINT

JURY TRIAL DEMANDED



## COUNT ONE

1.  Plaintiff, Bryan Gemma complains of the defendants, The City of New York, The District Attorney of New York County, and Detective Angel Narvaez, of Narcotics Boro, Manhattan, North, that they violated certain civil rights guaranteed to the plaintiff through the false arrest, malicious prosecution, excessive force and the intentional infliction of mental distress and the assault and battery forced upon the plaintiff, Bryan Gemma, by the City of New York, the District Attorney of New York County, Detective Angel Narvaez, and other unnamed police officers of the Police Department of the City of New York, all done without probable cause and all in violation of the plaintiff, Bryan Gemma's Civil Rights, pursuant to 42 U.S.C. Sec. 1983.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. Sec. 1983. This court's jurisdiction is invoked pursuant to this statutory section.

3.  The Court's pendent jurisdiction is invoked pursuant to 28 U.S.C. Sec. 1367.

## PARTIES

4.  The plaintiff, Bryan Gemma was at all times relevant a citizen of the United

1

States and a resident of Oceanport, New Jersey.

5.     The City of New York was at all times relevant a municipal corporation with its immediate headquarters in New York County, New York.

6.     The District Attorney of New York County was at all times an agency of the city of New York with its immediate headquarters in New York County, New York

7.     Detective Angel Narvaez was at all times relevant, a Detective of the Narcotics Boro, Manhattan North, New York County.

## FACTS AND BACKGROUND

8.     On September 25, 2010, the plaintiff, after leaving from work, in Sandy Hook, New Jersey proceeded to Manhattan and began walking to his friend's Greg Peterson's apartment in the area of 97th Street and Broadway.

9.     The plaintiff, Bryan Gemma was with his brother and a friend Kyle Jarman.  As the plaintiff was walking in the area, a female walked up to him at about 12:00 midnight and said something about drug possession.  This woman was an undercover police officer. The plaintiff told this female to get away from them and the undercover Police Officer bumped into the plaintiff and both began shouting at each other.

10.     The plaintiff walked about 20 yards down and a police car pulled up in front of him, pulled him to the side, and another police car pulled up from behind.  Several police officers came out of the cars, with guns drawn, and pushed the plaintiff against a glass window of a bank nearby and arrested and threw the plaintiff in the back of the police van.

11.     The plaintiff was forced into the back of the van and for two and a half hours was driven around, while the police officers made further arrests that evening.

12.     While in the van, the plaintiff had to go to the bathroom and while there, no one

identified themselves as police offices to him or informed him about the basis for the arrest. The plaintiff was taken to the First Precinct in the Bronx and a woman police officer told him that he had assaulted the police and that he was "fucked".

13.    At this point, two police officers came in the cell, and said they had to talk to him, and threw him to the ground. The plaintiff blacked out and woke up later that night with bruises on his right arm and bruises on his head. As a result of this assault and false arrest, the plaintiff missed five days at work and w as treated two days later in Maimonides Hospital, in New Jersey.

14.    The plaintiff is presently seeing a psychologist due to his fear of going outside and due to his depression and anxiety.

15.    As a result of this assault and psychological attack on the plaintiff, Mr. Gemma, the plaintiff was severely physically and emotionally injured.

The case was eventually dismissed in open Court and sealed.

## AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO 42 U.S.C. SEC. 1983 AGAINST THE CITY OF NEW YORK

16.    Paragraphs 1-16 are incorporated herein by reference.

17.    The City of New York, through The New York City Police Department, has engaged in a pattern of illegal and false arrests, without probable cause, for some time against a large number of individuals.   The City of New York, through The New York City Police Department, has had a custom and policy of making illegal and false arrests with excessive force, without probable cause, in violation of those persons civil rights.  Those arrests have been dismissed in court.

## AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO 42 U.S.C. SEC. 1983 AGAINST DETECTIVE ANGEL NARVAEZ, THE CITY OF NEW YORK AND OTHER UNNAMED POLICE OFFICERS

18.    Paragraphs 1-17 are incorporated herein by reference.

3

WHEREFORE, plaintiff, Bryan Gemma, requests that this Court:

(a)  Award compensatory damages against defendants, each of them, jointly and severally in the amount of $5,000,000.

(b) Award punitive damages against the defendants jointly and severally in the amount of $5,000,000

(c) Award cost of action, including attorney's fees, to plaintiff;

(d) Award such other and further relief as this Court may deem appropriate;

A jury trial is demanded.

Dated: Jericho, New York
       March 12, 2012

PAUL LIEBER, ESQ.

_____
ANDREW J. SCHATKIN, ESQ.
Of Counsel
Attorney for the Plaintiff
111 Worth Street
New York, NY 10003
(212)577-0020