UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    CASE No.: <u>12-cv-02061 (TPG)</u>
-----------------------------------------------------------------

BRYAN GEMMA

                Plaintiff,                     AMENDED COMPLAINT

        -against-                               PLAINTIFF(S) DEMAND
                                                                                                                    TRIAL BY JURY

THE CITY OF NEW YORK,
DISTRICT ATTORNEY OF NEW YORK COUNTY,
L.T. JAMES MOONEY,
DET. ANGEL NARVAEZ (Sh. #3286),
DET. MARGARET SASSO (Sh. #4999),
P.O. "JANE DOE" AND
"JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

                Defendant(s)

-----------------------------------------------------------------

Plaintiff, BRYAN GEMMA, by his attorney, Paul Hale Esq., complaining of the defendants, The City of New York, Police Officers "John" and "Jane" Doe), collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth

Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## **JURISDICTION**

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff BRYAN GEMMA resides in New Jersey and is a resident of the State of New Jersey.

7. L.T. JAMES MOONEY at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

8. DET. ANGEL NARVAEZ (Sh. #3286) at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

9. DET. MARGARET SASSO (Sh. #4999) at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

10. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

11. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

12. The District Attorney of New York County was at all times and agency of the city of New York with its immediate headquarters in New York County, New York.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

13. On 9/25/2010 at approximately midnight Bryan Gemma was walking near the corner of Broadway and 97th Street in New York, NY.

14. Mr. Gemma was walking with his brother, Max Gemma, and his friend, and Kyle

Jarman.

15. At the above time and place DET. MARGARET SASSO (Sh. #4999) was working with the Brooklyn North Narcotics team as an undercover officer.

16. DET. MARGARET SASSO walked into the group of three men and bumped into Mr. Gemma.

17. Max Gemma and Kyle Jarman, who were walking in front of Bryan Gemma, had to step out of the way of DET. MARGARET SASSO because she plowed right into their group while she was pretending to be a drug addict.

18. Bryan Gemma did not see her and did not have time to get out of her way, which led to DET. MARGARET SASSO bumping into Bryan Gemma.

19. Mr. Gemma said to DET. MARGARET SASSO, "Excuse you."

20. DET. MARGARET SASSO responded, "Oh yeah? You're done, fucker."

21. Mr. Gemma and the other two continued walking up Broadway away from DET. MARGARET SASSO after the encounter.

22. A short time later an unmarked van pulled up near Mr. Gemma.

23. A number of police officers jumped out of the van with guns drawn. The guns were pointed at Bryan Gemma, Max Gemma and Kyle Jarman.

24. Upon information and belief the officers with the guns were L.T. JAMES MOONEY and DET. ANGEL NARVAEZ.

25. Mr. Gemma was pushed against a glass window of a bank nearby and arrested.

26. Mr. Gemma was then thrown in the back of a police van.

27. The plaintiff was forced into the back of the van and for two and a half hours was driven around, while the police officers made further arrests that evening.

28. While in the van, the plaintiff had to go to the bathroom and while there, no one identified themselves as police offices to him or informed him about the basis for the arrest. The plaintiff was taken to the First Precinct in the Bronx and a woman police officer told him that he had assaulted the police and that he was "fucked".

29. At this point, two police officers came in the cell, and said they had to talk to him, and threw him to the ground. The plaintiff blacked out and woke up later that night with bruises on his right arm and bruises on his head. As a result of this assault and false arrest, the plaintiff missed five days at work and was treated two days later in Maimonides Hospital, in New Jersey.

30. L.T. JAMES MOONEY, DET. ANGEL NARVAEZ and DET. MARGARET SASSO then conspired with one another to concoct a story as to why they arrested Mr. Gemma.

31. DET. MARGARET SASSO claimed that Mr. Gemma randomly approached her and blocked her path. It should be noted that the width of the sidewalk is approximately 20 feet wide.

32. DET. MARGARET SASSO then claims that Mr. Gemma "kicked her in the knee."

33. None of DET. MARGARET SASSO claims are true.

34. L.T. JAMES MOONEY and DET. MARGARET SASSO then worked together to draft a false affidavit to present to the District Attorney's office in order to prosecute Mr. Gemma.

35. Eventually all charges against plaintiff were dismissed.

36. Plaintiff did not plea to any crimes or violations for any of the above incidents.

37. This was Mr. Gemma's first contact with police in his life.

38. The plaintiff is presently seeing a psychologist due to his fear of going outside and due to his depression and anxiety.

39. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent. Plaintiff has sought treatment for these injuries.

40. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

41. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

42. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in her personal relationships, in and outside of her home.

43. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

44. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

45. The actions of defendants, acting under color of State law, deprived plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States; in

particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

46. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

47. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:
## 42 U.S.C Section 1983-against all Defendants.

48. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

49. By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting her, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

50. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

51. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD

Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

52. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

   A. An arrest not based upon probable cause;

   B. Unwarranted and malicious criminal prosecution;

   C. Deprivation of liberty without due process of law;

   D. Excessive force imposed upon him;

   E. Summary punishment imposed upon him; and

   F. Denied equal protection under the law.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

   **WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:

8/30/2013
Brooklyn, New York

                                                                          Respectfully Submitted,

By:    Paul Hale, Esq
26 Court St. Ste 913
Brooklyn, NY 11242
(718) 554-7344